UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>Plaintiff,<br><br>v.<br><br>SUISUN POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:17-cv-01889-KJM-DMC (P)<br><br><br><br>ORDER |

On August 7, 2018, the court adopted the magistrate judge's findings and recommendations, ECF No. 13, and dismissed this case for failure to state a claim and for lack of prosecution and failure to comply with court rules and orders. ECF No. 16. Since that time, plaintiff has filed three post-judgment motions: a motion to reopen the case, ECF No. 18; a motion for federal protection and release from CDCR custody, ECF No. 21; and a motion to obtain a personal laptop containing evidence, ECF No. 23. Each of these motions is DENIED.

Principally, plaintiff seeks to reopen this case based on "newly discovered evidence" related to his underlying convictions. ECF No. 16. But, as the magistrate judge correctly explained, and this court so adopted, a challenge related to a state prisoner's underlying conviction is not cognizable under 42 U.S.C. § 1983; rather, the sole remedy for such a challenge comes through a petition for habeas corpus. ECF No. 13 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Thus, any "newly discovered evidence" purportedly available to plaintiff does

1

not alter his ability to state a cognizable claim under section 1983.  Therefore, plaintiff presents no justification for reopening this matter.  *See* Fed. R. Civ. P. 60(b) (enumerating grounds for relief from judgment).  Because there are no grounds for post-judgment relief, plaintiff's two additional motions, ECF Nos. 21, 23, are also DENIED.

Accordingly, plaintiff's three post-judgment motions, ECF Nos. 18, 21, 23, are DENIED. No further filings will be accepted in this matter.

IT IS SO ORDERED.

DATED:  June 21, 2019.

UNITED STATES DISTRICT JUDGE